**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CLARA DE LA ROSA, on behalf of herself )
and other similarly situated individuals, )
                                    )
             Plaintiff,         )      Case No.
                                      )
v.                                       )      Judge
                                      )
W.E. BANQUETS, LLC.,         )      Magistrate Judge
                                      )
                                      )
         Defendants.     ) 

**CLASS ACTION COMPLAINT**

     Plaintiff Clara de La Rosa, ("Plaintiff") on behalf of herself and other similarly situated individuals, known and unknown, through her attorneys, against W.E. Banquets, LLC., ("Defendant") states as follows:

**I.        NATURE OF THE CASE**

     1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for 1) Defendant's failure to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA and IMWL; 2) Defendant's practice of making unlawful deductions from Plaintiff and similarly situated employees' wages; and 3) Defendant's practice of shorting hours of work from Plaintiff's and similarly situated employees' wages. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL and IWPCA, Plaintiff seeks to certify these claims as a class action pursuant to Fed.

R. Civ. P. Rule 23(a) and (b).

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.
§1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's
state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this judicial district as a substantial number of the facts and
events giving rise to Plaintiff's claims occurred in this judicial district and as Defendant has
maintained facilities and transacted business within this jurisdiction at all relevant times.

## III.     PARTIES

**Plaintiff**

4.      At all relevant times Plaintiff has resided and been domiciled in the State of
Illinois and within this judicial district.

5.      At all relevant times, Plaintiff was an "employee" of Defendant as that term is
defined by the FLSA, 29 U.S.C. §201 *et seq*., IMWL, 820 ILCS 105/1 *et seq*., and IWPCA, 820
ILCS 115/1 *et seq*.

6.      At all relevant times Plaintiff handled goods that moved in interstate commerce.

**Defendants**

7.       At all relevant times Defendant has had its principal place of business within this
judicial district.

8.      Within the relevant time period, Defendant:

    a.   has been a corporation organized under the laws of the State of Illinois;

    b.   has conducted business in Illinois and within this judicial district;

c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

d. has had two (2) or more employees who have handled goods that moved in interstate commerce;

e. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/1 *et seq*.

## IV.   FACTUAL BACKGROUND

9.      Defendant operates multiple banquet halls throughout northern Illinois including, but not limited to: a location at 6839, N. Milwaukee Ave., in Niles Illinois; a location at 6600 N. Mannheim Rd., in Rosemont, Illinois; a location at 1677 Mission Hills Rd., in Northbrook, Illinois, a location in 1431 W. Taylor St., in Chicago, Illinois, and a location at 211 Prospect Ave., in Elmhurst, Illinois.

10.     Plaintiff worked at Defendant's 6839 N. Milwaukee Ave., Niles, Illinois banquet hall location from approximately mid-2016 through approximately late October 2017.

11.     Plaintiff performed various chores for Defendant including, but not limited to, waiting and serving tables and cleaning rooms at Defendant's banquet hall.

12.     Plaintiff earned different rates of pay for the work she performed for Defendants including $4.95 or $12.00 per hour for waiting and serving tables, and $10.00 per hour for cleaning rooms.

13.     Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week for Defendant.

14.     Defendant failed to pay Plaintiff and similarly situated employees at time and a half their regular rate for all time worked in excess of forty (40) hours per individual workweek.

15.     Throughout the relevant time period Plaintiff was also shorted hours of work that she performed for Defendant, including hours of work in excess of forty per week that should have been paid at an overtime rate of pay.

16.     Throughout the relevant time period, Defendant has had practice of not compensating Plaintiff and similarly situated employees working at Defendant's various banquet halls at an overtime rate of pay for all time worked in excess of forty (40) hours per week.

17.     The schemes used by Defendant to not compensate Plaintiff and similarly situated employees for all hours worked included but were not limited to:

   a)   compensating Plaintiff and similarly situated employees for all time worked per weekly during weekly or bi-weekly pay periods, including hours worked in excess of forty per week, at their regular rate of pay;

   b)   compensating Plaintiff and similarly situated employees for hours of work, including hours in excess of forty per week, spent performing more than one type of work at two different regular rates of pay instead of weighted average overtime rate for all time worked in excess of forty per week.

   c)   shorting hours of work form Plaintiff and similarly situated employees' wages, including hours worked in excess of forty per week.

18.     Throughout the relevant time period, Defendant has also had a practice of making deductions from Plaintiff's and similarly situated employees' wages for miscellaneous items such as uniforms.

19. Plaintiff had multiple deductions for the cost of uniforms made from her wages.

20. The above referenced deductions from Plaintiff's and similarly situated employees' wages: (1) were not required by law; (2) were not to Plaintiff's and similarly situated employees' benefit; and (3) were not made with the express written consent of Plaintiff and similarly situated employees, given freely at the time the deductions were made.

21. During the relevant time period Plaintiff and similarly situated employees has had an agreement to be paid by Defendant for all work done at an hourly rate of pay

22. During the relevant time period Defendant shorted hours of work from Plaintiff and similarly situated employees' wages and failed to pay Plaintiff and the Class at the agreed upon rate of pay for all time worked violation of the IWPCA.

## V.    CLASS ACTION ALLEGATIONS

23. Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 her state law claims arising under the IMWL for overtime wages (Count II), and under the IWPCA for unauthorized deductions (Count III), and agreed upon wages (Count IV). Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

24. The Class that Plaintiff seeks to represent with regard to Count II is defined as: All individuals employed by Defendant as hourly employees from November 21, 2014 up through and including the date of filing of this lawsuit.

25. The Class that Plaintiff seeks to represent with regard to Counts III and IV is defined as: All individuals employed by Defendant as hourly employees for the period from November 21, 2007 through the date of filing of this lawsuit.

26. Counts II, III, and IV are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed well over a hundred individuals as employees during the IMWL and the IWPCA relevant time period;

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii. Whether Defendant had a practice of paying Plaintiff and similarly situated employees at different rates of pay for different types of work, and paid Plaintiff and similarly situated employees at these straight time rate for all hours worked including hours worked in excess of forty per week.

        iii. Whether Defendant failed to pay Plaintiff and similarly situated employees for all time worked

        iv. Whether Defendant made deductions without Plaintiff and the Class' authorization in violation of the IWPCA;

    c. The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages, and by

6

Defendant's practice of making unlawful deductions from its employees' wages;

d.    Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation;

e.    The class representative, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

27.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**
*Section 216(b) Collective Action*

28.    Plaintiff incorporates and re-alleges paragraphs 1 through 27 of this Complaint, as though set forth herein.

29.    The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

30.    Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

31.     Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks.

32.     Defendant did compensate Plaintiff and similarly situated employees at time and a half their regular rates for all time worked in excess of forty (40) hours per week.

33.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

34.     Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35.     Plaintiff and the class are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit  because Defendant's violation was willful.


WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C.      Liquidated damages in the amount equal to the unpaid overtime wages;

D.      That the Court declare that Defendant has violated the FLSA;

E.      That the Court enjoin Defendant from violating the FLSA;

F.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

**COUNT II**
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
*Plaintiff on behalf of herself and similarly situated employees*

36.     Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint, as though set forth herein.

37.     The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

38.     Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendant.

39.     Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks.

40.     Defendant did not compensate Plaintiff and similarly situated employees at time and a half their regular rate for all time worked in excess of forty (40) hours per week.

41.     Plaintiff and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per week.

42.     Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half their regular rate of pay.

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid wages for three (3) years prior to the filing this lawsuit.

44.     The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since November 21, 2014, up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C.     Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant has violated the IMWL;

E.     That the Court enjoin Defendant from violating the IMWL

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
**Violation of the Illinois Wage Payment and Collection Act - Unauthorized Deductions**
*Plaintiff on behalf of herself and similarly situated employees*

45.     Plaintiff hereby re-alleges and incorporates paragraphs 1 through 44 of this Complaint, as if fully set forth herein.

46.     During the course of Plaintiff's employment, Defendant made unlawful deductions from Plaintiff's wages as referenced in paragraphs 18- 20, *supra*.

47.     Such deductions and fines (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

48.     Defendant likewise made unauthorized deductions from other similarly situated

employees without their authorization.

49.     In making unauthorized deductions from Plaintiff and other similarly situated employees' wages, Defendant violated the IWPCA, 820 ILCS 115/9.

50.     The Class that Plaintiff seeks to represent in regard to the deductions from wages claim arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant since November 21, 2007 up through and including the filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all wages due Plaintiff and the Class as provided by the IWPCA;

C.     Prejudgment interest and penalties as provided for in the IWPCA;

D.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.*;

E.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act**
*Plaintiff, on behalf of herself and similarly situated employees*

Plaintiff incorporates and re-alleges paragraphs 1 through 50 of this Complaint, as though set forth herein.

51.     This Count arises from Defendant's violation of the IWPCA for its failure to pay Plaintiff and similarly situated employees earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 9-22, *supra*.

52.     During the course of her employment, Plaintiff and similarly situated employees had an agreement with Defendants to be compensated for all hours worked at the hourly rate of pay agreed to by the parties.

53.     Defendant did not compensate Plaintiff and similarly situated employees for all hours worked at the rate agreed to by the parties.

54.     Plaintiff and similarly situated employees were entitled to be paid for all time worked at the rate agreed to by the parties.

55.     Defendant's failure to pay Plaintiff and similarly situated employees for all time worked at the rate agreed to by the parties violated the IWPCA.

56.     The Class that Plaintiff seeks to represent in regard to the deductions from wages claim arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant since November 21, 2007 up through and including the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all overtime wages due to Plaintiff as provided by the IWPCA;

C.     Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

D.     That the Court declare that Defendants violated the IWPCA;

E.     Reasonable attorneys' fees and costs as provided by the IWPCA;

F.     Such other and further relief as this Court deems appropriate and just

Dated: November 21, 2017

*/s/Alvar Ayala*

Alvar Ayala (ARDC #6295810)
Christopher J. Williams (ARDC #6284262)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff